### R. A. Wells Lumber Company, Defendant in Error, v. Jonathan Dunfee, Plaintiff in Error.

### Gen. No. 19,566.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH E. RYAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 8, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

### Statement of the Case.

Action by R. A. Wells Lumber Company, a corporation, against Jonathan Dunfee to recover the sum of $123.75 and interest on the following written contract, or evidence of indebtedness signed by defendant:

"Sold subject to our inspection only.

No. 13250.    Chicago, September 16, 1899.

Received from R. A. Wells Lumber Co.,

S. W. Cor. Clark and 22nd Sts., 2743 Ft.

1″ walnut.

This lumber is to be $45.00 per M ft.

(Signed    J. DUNFEE)"

The defendant filed an affidavit of merits wherein his defenses were as follows:

First.    That said suit is not brought on said instrument but is brought on the lumber mentioned therein and is an open account barred by the statute of limitations.

Second.    That this defendant never accepted said lumber and never received same.

Third.    That said lumber was not up to grade and was refused by defendant upon tender to him for that reason and has never been accepted or received by defendant.

Fourth.    That this defendant never signed said instrument.

On the trial of the cause without a jury plaintiff received a judgment for $207.52.    To reverse the judgment, defendant prosecutes a writ of error.

This case was tried once before in the Municipal Court, from which an appeal was taken to this court. See 170 Ill. App. 475.    In this, as in the previous trial, the case was tried by the court without a jury and on the same statement of claim and affidavit of merits.

The undisputed facts were that on or about September 15, 1899, defendant called Wells on the telephone and stated he desired a wagonload of walnut lumber; that Wells agreed to send defendant over a load and

that the price was $65 per one thousand feet; that on September 16, 1899, Charles Lindgren, driver for the plaintiff, delivered the load of lumber, and when he arrived at defendant's yard with the lumber, he had with him and gave to the defendant the instrument set forth in plaintiff's statement of claim, which was the usual delivery ticket in the following words and figures:

"Sold subject to our inspection only.
No. 13250.   Chicago, September 16, 1899.
Received from R. A. Wells Lumber Co.,
S. W. Cor. Clark and 22nd Sts., 2743 Ft.
1″ walnut;"

that the lumber was unloaded in defendant's yard; that after same had been unloaded and tallied by defendant's drayman, either the defendant himself or his talleyman wrote on the ticket the figures "2743"; that thereafter the delivery ticket was returned to the driver Lindgren, by the defendant, with the following written upon it by the defendant: "This lumber is to be $45.00 per M ft." and below these words the signature "J. Dunfee;" that the said Lindgren delivered the said ticket to Wells; that the lumber had never been paid for; and that this suit was begun within ten years from date when the cause of action accrued.

CHARLES DANIELS, for plaintiff in error.

FRED H. ATWOOD, FRANK B. PEASE, CHARLES O. LOUCKS and VERNON R. LOUCKS, for defendant in error; GEARY V. STIBGEN, of counsel.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1818*—*conclusiveness of decision of Appellate Court.* The decision of the Appellate Court on a former writ of error holding that an instrument sued on constituted an evidence

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of indebtedness in writing within the meaning of section 16, ch. 83, Hurd's R. S., J. & A. ¶ 7211, *held res adjudicata* in a subsequent suit involving the same question under the same facts and issues.

2. SALES, § 329*—*sufficiency of evidence to sustain finding.* In an action to recover the purchase price of lumber, where the defendant claimed that he had never accepted or received the lumber and that he had never signed the delivery ticket which was offered in evidence, *held* that the evidence was sufficient to sustain a finding for plaintiff.

3. INTEREST, § 8*—*when allowed on a written instrument.* Where the evidence of an indebtedness in writing is, in effect, a written contract, interest is properly allowed thereon since the time it became due, where the contract has been performed and accepted.